USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-5-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK MAZZOCCHI,

        Plaintiffs,

- against -

WINDSOR OWNERS CORP, et al.,

        Defendants.

OPINION AND ORDER

11-CV-7913 (RA) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

On November 4, 2011, Plaintiff Frank Mazzocchi commenced this action. (Doc. No. 1.) This case is before the undersigned for General Pretrial. (Doc. No. 189.) Discovery closed on April 14, 2015. (Doc. No. 125.) Prior to the close of discovery, the Parties filed a thirteen-page joint letter, with attached exhibits, detailing several discovery disputes. (Doc. No. 127.) These disputes were resolved on April 22, and May 11, 2015. (Doc. Nos. 130, 133.) The Parties briefed a motion for summary judgment, (Doc. Nos. 140-52, 162-67, 173, 179-80.), which was decided on August 31, 2016, by the Honorable Analisa Torres. (Doc. No. 188.) The case is now assigned to the Honorable Ronnie Abrams.

During a status conference held on November 14, 2016, the Court was informed that Plaintiff was seeking discovery supplementation from Defendants. (Hr'g Tr., Doc. No. 203.) The Court ordered the Parties to jointly file a position letter, which was filed on December 15, 2016. (Doc. No. 198.) On December 20, 2016, the Court ordered the Parties to file a supplemental joint submission, (Doc. No. 199.), which was filed on January 12, 2017. (Doc. No. 202.)

Plaintiff's requests are summarized as follows:

(1) "All handwritten notes from Board Meetings minutes from January 2007 until the present, only to the extent that the notes reference Mazzocchi, Doe, Apartment 821 or Heavey."

(2) "All handwritten notes to Board Meeting agendas, reports, or similar from 2007 until the present, only to the extent that the notes reference Mazzocchi, Doe, Apartment 821 or Heavey."

(3) "All written complaints concerning Plaintiff, Doe or Apartment 821."

(4) "All non-privileged documents concerning the eviction (including the reasons therefor) of Thomas Heavey II (those that are privileged, provide a privilege log)."

(5) "Any communications between Windsor Owners Corp. and Tudor Realty Services (or agents of the respective corporations) concerning Plaintiff, Doe, Plaintiff's tenancy or Apartment 821."

(Doc. No. 202 at 1-2.)

Plaintiff served his first set of document requests on November 29, 2013. (Doc. No. 202-2.) Defendants responded to those requests on January 14, 2014. (Doc. No. 202-8.) On February 16, 2015, Plaintiff sent a "follow-up" letter to Defendants alleging discovery deficiencies. (Doc. No. 202-5.) Defendants responded to Plaintiff's letter on March 2, 2015, "object[ing] to the fact that [Plaintiff] waited over a year after the production was made" to raise deficiencies. (Doc. No. 202-6 at 2.) In Defendants' letter, they object to requests 1 through 5 for which Plaintiff now seeks supplementation. (*Id.* at 3-5, 7-9.) Despite their objections,[1] Defendants did agree to produce some responsive documents and indicated that there were some requests for which no responsive documents existed. *Id.*

Even if Plaintiff's requests were within the scope of discovery, the Court "must limit the frequency or extent of discovery otherwise allowed by [federal or local rules] if it determines that the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii). The Court finds that Plaintiff had "ample opportunity" to move to compel discovery yet failed to do so. Indeed, the Parties jointly filed a thirteen-page letter detailing several discovery disputes prior to the close of discovery, and none of the requests raised here were included.

---

[1] Defendants object to Plaintiff's requests as vague, overly broad, irrelevant, and not limited in time frame.

Plaintiff justifies his delay because (1) "it seemed clear" to Plaintiff that the Court anticipated additional discovery after the motion for summary judgment was decided and (2) Defendants are responsible for supplementing their responses without prompting from Plaintiff. (Doc. No. 202 at 2-3.)

Although the undersigned was referred this case for General Pretrial after the motion for summary judgment was decided, the Plaintiff's assumption that the Court anticipated reopening discovery is baseless. Plaintiff should have sought clarification from the Court instead of assuming discovery would be reopened.

The Court agrees that Parties are required to supplement or correct their responses or production. Fed. R. Civ. P. 26(e)(1)(a). However, the duty to supplement or correct is triggered when the party becomes aware "that in some material respect the disclosure or response is incomplete or incorrect." *Id.* The circumstances here are different. Defendants raised several objections that Plaintiff did not attempt to resolve, including the relevant time frame of the documents to be produced.

At this point, more than two years after the close of discovery, the time to raise disputes is long gone and Plaintiff has not shown good cause for reopening discovery. Plaintiff's requests to compel and reopen discovery are **DENIED**.

**SO ORDERED this 5th day of May 2017.**
**New York, New York**

*Ronald Ellis*
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3