# LEEDS BROWN LAW, P.C.

One Old Country Road, Ste. 347
Carle Place, NY 11514
(516) 873-9550

_____*Attorneys at Law*_____

July 14, 2020

*Via ECF*

Honorable Magistrate Judge Stewart D. Aaron
US District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Mazzocchi v. Windsor Owners Corp. et al., 11-CV-7913 (RA) (SDA)

Dear Judge Aaron:

    This office represents the Plaintiff in the above matter.  On July 3, 2017, Defendants filed a letter with the Court requesting *in camera* review of certain unredacted documents.  (Dkt. 270).  Simultaneously, Defendants also filed the unredacted documents, which then became available for download by anybody with an ECF account.  (Dkt. 270-1).  These documents were downloaded by Plaintiff's counsel, per their customary practice of downloading documents from ECF contemporaneously with their filing.  It is possible others also downloaded these documents, given the public nature of ECF.

    On July 8, 2017, this Court responded to Defendants' letter as follows:

> ENDORSEMENT: It appears to me that the unredacted documents in question have been publicly filed on the Court's docket (see ECF No. 270-1). Accordingly, defense counsel shall show cause no later than July 15, 2020, why the request to me for review of the unredacted documents should not be denied as moot. See SOHC, Inc. v. Zentis Sweet Ovations Holding LLC, No. 14-CV-02270 (JMF), 2014 WL 5643683, at *6 (S.D.N.Y. Nov. 4, 2014) ("As the proverbial cat is out of the bag, Defendant's request for redaction is thus DENIED as moot."). SO ORDERED.

(Dkt. 271).

    On July 9, 2020, Defendants filed a letter with this Court, stating that the documents had been publicly filed as a result of law office error, and referencing an email sent by Defendants' to chambers regarding same.  Defendants requested that this Court issue a sealing order with respect to the documents, and further requested that *in camera* review be held, despite the fact the unredacted documents had already been placed in the public record.  (Dkt. 272).  Defendants did

1

not give a reason for why they believed in camera inspection had not become moot, other than to state "If the Court find[s] that some or all of the redacted material is in fact privileged, it would be inappropriate for plaintiff to use any information it might have obtained from the unredacted material subsequently in this litigation." (Dkt. 272, p. 2). Defendants also cited, without any explanation, FRE Rule 502(b).

Upon receipt of Defendants' letter, this Court responded as follows:

> ENDORSEMENT: The Court has received an email and this letter from defense counsel to its Chambers email box. Defense counsel is admonished that he is not permitted to communicate with the Court via email. Rather, any communications must be made by documents publicly filed to the ECF docket. Plaintiff shall file any response to this letter no later than 7/15/2020. SO ORDERED.

(Dkt. 272).

Plaintiff requests that this Court decline to order sealing of the documents, and decline to conduct an *in camera review* of those documents, based on the fact Defendants' have already placed the documents in the public domain, and thus cannot establish that privilege applies.

The party asserting privilege bears the burden of showing the privilege was not waived. Kleeberg v. Eber, 2019 U.S. Dist. LEXIS 80428, at *18 (S.D.N.Y. 2019). "An attorney's inadvertent disclosure of an otherwise privileged document may waive the privilege on behalf of the client." Hydraflow, Inc. v. Enidine, Inc., 145 F.R.D. 626, 636 (W.D.N.Y. 1993).

In Zagone v. Bosques, 2003 U.S. Dist. LEXIS 4816 (N.D. Ill. 2003), a defendant inadvertently filed a privileged document. Id. at *1-2. After discovering the error, he sought an order removing the document from the docket and preventing the plaintiff from using it throughout the litigation. Id. In determining whether privilege was waived due to the inadvertent filing, the court analyzed five factors: (1) the reasonableness of the precautions taken to prevent the disclosure, (2) the time taken to rectify the error, (3) the scope of the documents involved, (4) the extent of the disclosure, and (5) the overriding issue of fairness. Id. at *4.[1] The court analyzed these factors as follows:

> In the instant case, the ASI Letter was inadvertently attached to a motion. No other facts are presented to aid in weighing the reasonableness of the precautions taken to prevent the disclosure. The document is not marked as confidential. However, the same day that it was discovered that the ASI Letter was attached to the motion, counsel filed the instant action. Accordingly, the time taken to rectify the error weighs in favor of [Defendant].

---

[1] This five-factor test has been applied in New York Federal Courts. Hydraflow, Inc. v. Enidine, Inc., 145 F.R.D. 626, 636 (W.D.N.Y. 1993) (citing cases and noting, "While the Second Circuit has not, to date, taken a position directly on this issue, it appears that the prevailing view at the district court level within the circuit more closely follows the [five factor test].)

> In the present case, the scope of documents that contained the ASI Letter was small. Accordingly, this factor weighs in favor of Plaintiff.
>
> The extent of the disclosure in the present case was complete, as the entire ASI Letter was attached to the motion.
>
> Although it can be argued that it is unfair to waive the privilege because of a mistake, the fairness issue still weighs in favor of Plaintiff. The ASI Letter was attached to a two-page motion that was to only contain 1, five-page exhibit. [Defendant] had the opportunity to review the filing and identify the inadvertent disclosure. At the time the inadvertent disclosure was discovered, the document had already been fully disclosed. The disclosure of the ASI Letter is a bell that has already been rung. The court cannot unring it by ordering that copies be returned to [Defendant].

Id. at *4-6. Based on this analysis, the court held that the defendant waived the privilege as to the inadvertently filed document, denied the defendant's motion to withdraw the document from the docket, and denied the defendant's request for an order barring the plaintiff from using the document throughout the litigation. Id. at *6.

Similarly, in Desouza v. Park W. Apts., Inc., 2018 U.S. Dist LEXIS 14526 (D. Conn. 2018), defendant's office staff provided the plaintiff with a file that contained an email between defendant and its counsel, without checking for whether any of the documents in the file were privileged. Thereafter, the defendant filed a motion to strike the inadvertently produced email, which was annexed as an exhibit to a motion filed by plaintiff. The court noted that "[u]nder Fed. R. Evid. 502(b), the disclosure of a privileged document does not operate as a waiver, if '(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error…'" Id. at *5. Based on the fact defendants had placed the email in a public file accessible to plaintiff, the court held that the reasonable precaution factor cut in favor of a finding of waiver, and thus denied the motion to strike. Id. at *6-8; see also United States v. Gangi, 1 F. Supp. 2d 256, 265 (S.D.N.Y. 1998) (government waived attorney-client privilege by filing document as part of public court file); In re Nat. Gas Commodity Litig., 229 F.R.D. 82, 86 (S.D.N.Y. 2005) (precautions against inadvertent disclosure generally reasonable "if the procedure followed in maintaining the confidentiality of the document [is] not …so lax, careless, inadequate or indifferent to consequences as to constitute a waiver.").

Just so here. Like in Zagone, Defendants publicly filed a small number of purportedly privileged documents, which were fully disclosed to Plaintiff and others by the time Defendants realized their error. Thus, "the cat is out of the bag." And, like in DeSouza, Defendants' disclosure was the result of placing the purportedly privileged documents in the public domain, where it was easily accessible to Plaintiff. Thus, to the extent privilege ever existed with respect to the documents filed by Defendants, it has since been waived, rendering sealing inappropriate, and *in camera* review moot.

We thank the Court for its consideration.

                                                                               Respectfully Submitted,

                                                                               Andrew Costello

CC: Defendants' counsel (via ECF)