```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/17/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mazzocchi,

                Plaintiff,

-against-

Windsor Owners Corp. et al.,

                Defendants.

1:11-cv-07913 (RA) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

I have been requested to review the unredacted documents filed with the Court as Exhibit A to the letter from Defendants' counsel, dated July 3, 2020 (Glen 7/3/20 Ltr., Ex. A, ECF No. 270-1),[1] in order to determine "whether there ha[ve] been excessive redaction[s]" from these documents (which redactions are reflected in Exhibit B to the July 3 letter (*id.*, Ex. B, ECF No. 270-2)) and, if so, "which text ought to be provided to plaintiff's counsel." (Glen 7/3/20 Ltr., ECF No. 270.)[2] I have reviewed the documents and redactions and make the following findings:[3]

**EP000043**[4]

This document contains two emails among members of the Board of Directors of Windsor Owners Corp. ("Windsor"), including Platt, and others. (*See* Glen 7/13/20 Ltr. at 1-2.) Defendants

---

[1] As discussed further below, Defendants inadvertently filed the unredacted version of the emails on the public docket.

[2] Although the letter from Defendants' counsel is dated July 3, 2020, it was filed on July 7, 2020.

[3] In conducting my review, I have considered the additional letters submitted by Defendants' counsel (Glen 7/9/20 Ltr., ECF No. 272; Glen 7/13/20 Ltr., ECF No. 274; Glen 7/16/20 Ltr., ECF No. 277) and the letter submitted by Plaintiff's counsel. (Costello 7/14/20 Ltr., ECF No. 275.)

[4] The documents at issue have been Bates-stamped with the prefix "EP", since the documents were produced by Elaine Platt ("Platt").

assert the attorney-client privilege as the basis for the redactions. (*See id*. at 2.) The party asserting attorney-client privilege bears the burden of establishing the privilege's "essential elements"—that the communications at issue were "(1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (citing *In re Cty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007)).

Defendants' assertion of attorney-client privilege regarding EP00043 is without basis, as the redacted portions do not reflect the solicitation or communication of legal advice from a person acting as an attorney for Windsor. Defendants note that the emails were "copied to Tom Curtis, who at the time was an attorney representing Windsor in the state ejectment proceeding then pending against Frank Mazzocchi." (*See id*. at 1-2.) However, including an attorney for Windsor as a "cc" to the emails does not make the communications privileged. *See In re Grand Jury Proceedings*, No. M-11-189, 2001 WL 1167497, at *24 (S.D.N.Y. Oct. 3, 2001) (citing *United States Postal Serv. v. Phelps Dodge Refining Cor*p., 852 F. Supp. 156, 163-64 (E.D.N.Y.1994) ("A corporation cannot be permitted to insulate its files from discovery simply by sending a 'cc' to in-house counsel.")). Thus, I find that Plaintiff shall be provided with an unredacted version of EP00043.

### EP000044

This document contains an email from Platt to another Windsor Board member. (*See* Glen 7/13/20 Ltr. at 2.) Defendants assert the attorney-client privilege as the basis for the redaction. (*See id*. at 2.) Defendants' assertion of attorney-client privilege is without basis, as the redacted portion does not reflect the solicitation or communication of legal advice from a person acting as

an attorney for Windsor. Thus, I find that Plaintiff shall be provided with an unredacted version of EP00044.

### EP000045

The email on this document that is redacted is from Platt to the recipients of EP00043. (*See* Glen 7/13/20 Ltr. at 2.) Defendants assert the attorney-client privilege as the basis for the redaction. (*See id.* at 2.) Defendants' assertion of attorney-client is without basis, as the redacted portion does not reflect the solicitation or communication of legal advice from a person acting as an attorney for Windsor. Thus, I find that Plaintiff shall be provided with an unredacted version of EP00045.

### EP000047-49

This is a set of emails between Platt and another Windsor Board member.[5] (*See* Glen 7/13/20 Ltr. at 2.) Defendants assert the attorney-client privilege as the basis for the redactions. (*See id.* at 2.) There are certain portions of these documents that properly are redacted as subject to the attorney-client privilege. In EP00047 and EP00049, it was proper to redact the three lines that follow the line: "But I do lack professional respect for him." Those three lines reflect a discussion of legal advice that Curtis gave to the Windsor Board. In addition, in EP00048, it was proper to redact the contents of the email on that page after the first line.[6] The contents of this email reflect a discussion of legal advice given by Curtis, as well as Bruce Cholst, who was another lawyer representing Windsor. (*See* Glen 7/16/20 Ltr. at 1.) Thus, I find that Plaintiff shall be

---

[5] A substantial portion of the contents of EP00049 also is contained in EP00047.

[6] The first line of the email (*i.e.*, "one other very important point which should be brought to the board's attention") should not be redacted.

provided with a version of the pages EP00047 through EP00049 that only contain the redactions set forth above.

**EP000052**

This document contains emails between Platt and another Windsor Board member. (*See* Glen 7/13/20 Ltr. at 2.) Defendants assert the attorney-client privilege as the basis for the redactions. (*See id*. at 2.) Defendants' assertion of attorney-client privilege is without basis, as the redacted portions do not reflect the solicitation or communication of legal advice from a person acting as an attorney for Windsor. Thus, I find that Plaintiff shall be provided with an unredacted version of EP00052.

**EP000055**

This document contains emails between Platt and another Windsor Board member. (*See* Glen 7/13/20 Ltr. at 2.) Defendants assert the attorney-client privilege as the basis for the redactions. (*See id*. at 2.) There are certain portions of this document that properly are redacted as subject to the attorney-client privilege. It was proper to redact the contents of the email sent at 11:33 a.m. after the second line.[7] This portion of the email reflects communications with counsel for a co-defendant in this case[8] (*see* Glen 7/16/20 Ltr. at 1), as well as communications that were to be had with Cholst regarding legal strategy. In addition, in the email sent at 11:05 a.m., it was proper to redact the sentence that begins with the word "However" in the first line

---

[7] The second line of the email (*i.e.*, "but now that you have raised the issue of strategy") should not be redacted.

[8] "The joint defense privilege, more properly identified as the common[-]interest rule, is an extension of the attorney[-]client privilege. It serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." *United States v. Krug*, 868 F.3d 82, 86 (2d Cir. 2017) (internal quotation marks & citations omitted).

since it contains legal advice from counsel to a co-defendant. Thus, I find that Plaintiff shall be provided with a version of the EP00055 that only contains the redactions set forth above.

### EP000059

This is an email from Platt to other Windsor Board members. (*See* Glen 7/13/20 Ltr. at 2.) Defendants assert the attorney-client privilege as the basis for the redaction. (*See id*. at 2.) Defendants' assertion of attorney-client privilege is without basis, as the redacted portion does not reflect the solicitation or communication of legal advice from a person acting as an attorney for Windsor. Thus, I find that Plaintiff shall be provided with an unredacted version of EP00059.

### EP000062

This is an email from Platt to Windsor Board members and others. (*See* Glen 7/13/20 Ltr. at 3.) Defendants assert the attorney-client privilege as the basis for the redaction. (*See id*. at 3.) Defendants' assertion of attorney-client privilege is without basis, as the redacted portion does not reflect the solicitation or communication of legal advice from a person acting as an attorney for Windsor. Thus, I find that Plaintiff shall be provided with an unredacted version of EP00062.

### EP000068

This document contains emails among members of the Windsor Board, including Platt, and others. (*See* Glen 7/13/20 Ltr. at 3.) Defendants assert the attorney-client privilege as the basis for the redactions. (*See id*. at 3.) Defendants' assertion of attorney-client privilege regarding many of the redacted portions of this document are without basis, as they do not reflect the solicitation or communication of legal advice from a person acting as an attorney for Windsor. However, it was proper to redact the first seven lines of the email sent at 11:20 a.m. on September 7, 2013, since that portion of the email relates to legal advice to be sought from

Jeffrey Reich, who was another attorney for Windsor. (*See* Glen 7/16/20 Ltr. at 1.) Thus, I find that Plaintiff shall be provided with a version of the EP00068 that only contains the redaction set forth above.

*      *      *

Plaintiff argues that Defendants waived the attorney-client privilege by having inadvertently filed the unredacted version of the emails that are the subject of this Opinion and Order on the public docket. (*See* Costello 7/14/20 Ltr. at 2-3.) However, I find that, in the circumstances presented, the filing error made by an employee of Defendants' counsel's law firm, is not a basis for finding waiver of the sacrosanct attorney-client privilege. Based upon the explanation provided, the filing plainly was inadvertent, and once the filing was called to the attention of Defendants' counsel, they "took reasonable steps to prevent disclosure," Fed. R. Evid. 502(b)(2), and "to rectify the error." Fed. R. Evid. 502(b)(3). Moreover, even if the filing were not "inadvertent" under Rule 502(b), I nevertheless find that privilege was not waived by the filing. *See* Fed. R. Evid. 502(d).

Since Exhibit A to the July 3 letter from Defendants' counsel contains some privileged communications that were inadvertently filed on the public docket, I hereby respectfully request that the Clerk of Court maintain Exhibit A (ECF No. 270-1) under seal, but that the July 7, 2020 letter (ECF No. 270), as well as Exhibit B thereto, which contains redacted documents (ECF No. 270-2), be made available for public view.

**SO ORDERED.**

DATED: New York, New York
July 17, 2020

_____
STEWART D. AARON
United States Magistrate Judge