UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANK MAZZOCCHI, *an individual*,

                Plaintiff,

                v.

WINDSOR OWNERS CORP., TUDOR REALTY SERVICES CORP., VIVIENNE GILBERT, MAUREEN DUNPHY, JAMES TAYLOR, PAUL MATTEN, and NANCY BARSOTTI, *individually and in their corporate capacity*,

                Defendants.

No. 1:11-CV-7913 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Frank Mazzocchi brings this action alleging discrimination in violation of Section 3604(f)(2) of the Fair Housing Act. Before the Court is Defendants' motion to strike the jury demand, based on enforcement of a jury trial waiver provision in the Proprietary Lease (the "Lease") that Plaintiff executed with Defendants, and from which the Complaint arises. For the reasons that follow, Defendants' motion is granted.

## BACKGROUND

    The Court assumes the parties' familiarity with the background and procedural history of this action for the purposes of the present motion. As relevant here, Plaintiff executed the Lease with Defendants on July 31, 1987, upon purchasing his apartment via Co-Op Share at 5 Tudor City Place, unit 821, in New York City. Am. Compl. ¶¶ 24, 29. Section 41 of that Lease states:

WAIVER OF JURY TRIAL

> 41. To the extent permitted by law, the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this Lease, the Lessees [sic] use and occupancy of the Apartment, or any claim of damage resulting from any act or omission of the parties in any way connected with this Lease or the Apartment.

Def. Br., Ex. A at 47.  It is undisputed that this action arises out of Plaintiff's purported use of the apartment covered by the Lease, and the alleged actions of Defendants.

## LEGAL STANDARD

Although the Seventh Amendment guarantees the right to a jury trial, "parties to a contract may waive that right 'by prior written agreement entered into knowingly and voluntarily.'" *Price v. Cushman & Wakefield, Inc.*, 808 F. Supp. 2d 670, 705 (S.D.N.Y. 2011) (quoting *Morgan Guar. Trust Co. v. Crane*, 36 F. Supp. 2d 602, 603 (S.D.N.Y. 1999)).  "Courts are to strictly construe jury waiver clauses, as the right to a jury trial is fundamental." *Urban Outfitters, Inc. v. 166 Enter. Corp.*, 136 F. Supp. 2d 273, 275 (S.D.N.Y. 2001) (citing *Gargiulo v. Delsole*, 769 F.2d 77, 79 (2d Cir. 1985)).  "[A] contractual waiver is enforceable if it is made knowingly, intentionally, and voluntarily." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007).

## DISCUSSION

### I.   The Jury Waiver Provision is Enforceable

New York law provides that jury trial waiver provisions in lease agreements are generally null and void in actions for personal injury or property damage.  *See* N.Y. C.L.S. Real P. § 259-c. However, "[w]hen asserted in federal court, the right to a jury trial is governed by federal law," and the "New York state statute has no bearing on the enforceability of the jury waiver clause." *Hines v. 1025 Fifth Ave., Inc.*, No. 14-cv-3661 (SAS), 2015 WL 765943, at *2–3 (S.D.N.Y. Feb.

2

23, 2015) (finding jury trial waiver provision in lease agreement enforceable and granting motion to strike jury demand) (citing *Merrill Lynch*, 500 F.3d at 188).  Federal courts use four factors to determine whether a jury waiver is enforceable:

> (1) The negotiability of contract terms and negotiations between the parties concerning the waiver provision; (2) the conspicuousness of the waiver provision in the contract; (3) the relative bargaining power of the parties; and (4) the business acumen of the party opposing the waiver.

*Price*, 808 F. Supp. 2d at 705 (quoting *Morgan*, 36 F. Supp. 2d at 604).  The "party attempting to enforce the purported waiver has the burden of proving that the waiver was knowing and intentional." *Hines*, 2015 WL 765943, at *2.  Accordingly, the Court considers each of the four factors in determining whether Defendants have established that Plaintiff knowingly and voluntarily waived a jury trial right when executing the waiver provision in the Lease.

First, the "negotiability" factor favors Defendants, as Plaintiff was represented by counsel at the time of his Co-Op Share purchase and the execution of the Lease.  *See* Def. Br. at 8;[1] *Price*, 808 F. Supp. 2d at 705 (emphasizing that a party was "represented by counsel during negotiations" to find waiver provision "negotiable" under the *Morgan* analysis).  Because the Lease was the "product and codification of a mutual understanding between the parties," there is "no indication that the terms of the [Lease] were not negotiable." *Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-cv-5075 (LJL), 2022 WL 1515120, at *2 (S.D.N.Y. May 13, 2022).

Second, the jury waiver provision is sufficiently "conspicuous," as its placement within the Lease, font size, and style are each consistent with all other provisions in the contract.  Def. Br.,

---

[1] Plaintiff does not contest Defendants' assertion that he was represented during the negotiation of the Lease, and, as such, the Court assumes it to be true.  *See Lewis Tree Serv., Inc. v. Lucent Technologies, Inc.*, 239 F. Supp. 2d 322, 325 (S.D.N.Y. 2002).  In any event, "[c]ourts have found a knowing and voluntary waiver even absent representation by counsel." *Am. Equities Grp., Inc. v. Ahava Dairy Prods. Corp.*, No. 01-cv-5207, 2007 WL 4563487, at *3 (S.D.N.Y. Dec. 18, 2007) (citing *Orix Credit Alliance, Inc. v. Better Built Corp.*, No. 89-cv-7333 (JFK), 1990 WL 96992, at *2 (S.D.N.Y. July 2, 1990) ("[T]he absence of counsel by itself does not destroy the validity of agreements signed or create an unequal bargaining position.")).

3

Ex. A at 47; *see also Am. Equities Grp., Inc. v. Ahava Dairy Prods. Corp.*, No. 01-cv-5207, 2007 WL 4563487, at *3 (S.D.N.Y. Dec. 18, 2007) (observing that "courts have looked at the placement of the waiver within the contract, as well as the font size and style of the waiver," and finding that the waiver in that contract was "sufficiently conspicuous" where it was "in the same font and size as all other provisions"). "[T]he jury waiver clause was printed in the same font and typeface as every other provision in the Lease," *Hines*, 2015 WL 765943, at *3, and includes the capitalized, underlined heading "WAIVER OF TRIAL BY JURY," Def. Br., Ex. A at 47.

As to the third and fourth factors—the relative bargaining power of the parties, and the business acumen of the party opposing enforcement of the waiver—Defendants underscore that Plaintiff is a real estate developer and landlord himself, and therefore has ample business experience in the relevant industry allowing him to strike a fair bargain when executing the Lease. Def. Br. at 9–10. Indeed, Defendants highlight that Plaintiff himself has incorporated jury waiver provisions in lease agreements that he provides to his own tenants. *Id*. at 9; *see also* Def. Br., Ex. C (Plaintiff deposition testimony in *Barchester Realty Corp. v. N.H. Ins. Co., et al.*); *Id*., Ex. D (Lease executed by Plaintiff as landlord including jury waiver provision). Plaintiff avers that he executed the Lease at issue here in 1987, some seven years before he purchased the property referenced in the deposition testimony, and more than twenty years before he used the jury waiver provision in the lease he executed as a landlord. Pl. Letter, June 30, 2022 at 1. While the Court finds Defendants' argument persuasive in establishing Plaintiff's business acumen and relative bargaining power *in the present*, his subsequent real estate transactions are not probative of Plaintiff's bargaining power at the time the Lease was executed. Regardless, under the circumstances, "these factors are less probative of whether [Plaintiff's] waiver was knowing and voluntary than they would be if he was unrepresented and acting alone in negotiating" the Lease.

4

*Price*, 808 F. Supp. 2d at 706.

Because Plaintiff was represented during Lease negotiations, and because the jury waiver provision was sufficiently conspicuous in the executed agreement, the Court finds that, on balance, the factors weigh in favor of Defendants. Accordingly, "under federal law, the jury waiver clause is enforceable." *Hines*, 2015 WL 765943, at *3.

## II. Defendants Have Not Waived Enforcement of the Jury Waiver

The main thrust of Plaintiff's argument against enforcement of the jury waiver provision in the Lease is that Defendants have waived any objection to the jury trial demand pending in this action for nearly eleven years. Pl. Br. at 17. He urges that Defendants did not mention any intention to move to strike the jury demand until only several months ago, and that all settlement negotiations which have been held over the course of the decade since this action was brought occurred with the understanding that this case would be tried to a jury. *Id*. In support, Plaintiff cites out-of-Circuit authority to argue that defendants may waive enforceability of jury waiver provisions by failing to move to strike a jury demand, or by failing to object to scheduling orders setting a case for jury trial. *See, e.g., Police & Fire Ret. Sys. of Detroit v. Watkins*, No. 08-12582, 2013 WL 817929 (E.D. Mich. Mar. 5, 2013); *Burton v. Gen. Motors Corp.*, No. 1:95-cv-1054 (DFH) (TAB), 2008 WL 3853329 (S.D. Ind. Aug. 15, 2008); *Madura v. Countrywide Home Loans, Inc.*, No. 8:06-cv-2073-T-24 (TBM), 2008 WL 151850 (M.D. Fla. Jan. 15, 2008).

But "a court has the discretion to permit a motion to strike a jury demand at any time, *even on the eve of trial*." *Bear, Stearns Funding, Inc. v. Interface Grp.-Nev., Inc.*, No. 03-cv-8259 (CSH), 2007 WL 3286645, at *4 (S.D.N.Y. Nov. 7, 2007) (granting a motion to strike a jury demand and "reject[ing] Interface's contention that Bear Stearns' motion to strike Interface's jury demand should be denied because the motion was made too late"). Indeed, Federal Rule of Civil

5

Procedure Rule 39 expressly allows courts "on motion or on its own" to designate a trial as a bench trial if it "finds that on some or all of th[e] issues there is no federal right to a jury trial," and identifies no time limit within which such a determination must be made. Fed. R. Civ. P. 39(a)(2). Thus, courts in this Circuit "will entertain late-filed motions to strike a jury demand unless the party opposing the motion shows (1) an inexcusable delay by the movant *and* (2) prejudice as a result of the delay." *Chen v. Hunan Manor Enter., Inc.*, 340 F.R.D. 85, 89 (S.D.N.Y. 2022) (citing *Long Beach Rd. Holdings, LLC v. Foremost Ins. Co.*, No. 2:14-cv-01801 (ADS) (AYS), 2019 WL 13072678, at *1 (E.D.N.Y. Apr. 4, 2019)) (emphasis added).

Even assuming, *arguendo*, that Defendants have 'inexcusably delayed' moving to strike the jury demand, Plaintiff has made no showing of prejudice. No jury has been empaneled, and Defendants raised the issue of jury trial waiver in their pretrial submissions to this Court. Defendants apprised Plaintiff of the waiver argument on May 24, 2022, now five months before trial is set to begin on October 24, 2022. This is substantially longer than the five- and six-week time periods at issue in recent cases raised by Defendants where courts found jury waiver provisions enforceable. *See, e.g., Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 226–27 (3d Cir. 2007) (affirming decision to grant motion to strike jury demand filed six weeks before trial); *Israelitt v. Enter. Servs. LLC*, No. 18-cv-01454 (SAG), 2022 WL 80486 (D. Md. Jan. 7, 2022) ("[T]he Plaintiff will not suffer any prejudice by converting this trial to a bench trial. Trial is more than five weeks away . . ."). Plaintiff has not demonstrated that he will be "unfairly prejudiced by trying the case before a judge, as [he] contractually agreed to do." *Bear, Stearns*, 2007 WL 3286645, at *5. Although his work as a real estate developer and landlord may not be relevant to whether he had heightened business acumen at the time the Lease was negotiated, it is certainly relevant to the prejudice analysis in the present. Having himself used jury waiver

6

provisions in leases executed as a landlord, *see* Def. Br., Ex. D, Plaintiff can hardly claim that he could not have seen Defendants' motion to strike his jury demand coming. Ultimately, because "[j]ury trials and bench trials have common purposes . . . holding [Plaintiff] to [his] bargain works no unfair prejudice upon [him]." *Bear, Stearns*, 2007 WL 3286645, at *5.

## CONCLUSION

For the foregoing reasons, Defendant's motion to strike the jury demand is granted. Accordingly, trial will be held before this Court without a jury. The bench trial will begin on October 24, 2022, as originally scheduled.

Final pretrial submissions, including but not limited to a joint pretrial order, motions in limine, and proposed findings of fact shall now be submitted by October 10, 2022. *See* Rule 6(c) of the Court's Individual Rules & Practices in Civil Cases. Any oppositions shall now be filed by October 14, 2022. Should a party wish to proceed with live direct examination testimony for any witness in lieu of testimony by sworn affidavit, it should notify the Court by October 10, 2022. *See* Rule 6(c)(iv). A final pretrial conference remains scheduled for 3:00 P.M. on October 20, 2022.

SO ORDERED.

Dated:   October 5, 2022
         New York, New York

                                        Hon. Ronnie Abrams
                                        United States District Judge